UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


PAUL DAVID LAMAR,

      Petitioner,

v.                                                      Case No.: 8:10–cv–01481–T–24–MAP
                                                                         8:06–cr–00199–T–24–MSS1

UNITED STATES OF AMERICA,

      Respondent.
_____/

## ORDER DENYING § 2255 MOTION

This cause is before the Court upon Petitioner Paul David Lamar's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct an allegedly illegal sentence. (Civ. Doc. 1; Cr. Doc. 83). Because a review of the motion and the file show conclusively that Lamar is not entitled to relief, the Court will not hold an evidentiary hearing and will not request the Government to respond. Because Lamar has raised no grounds entitling him to relief, his motion is **DENIED**.

## BACKGROUND

On May 25, 2006, a federal grand jury indicted Petitioner Paul David Lamar on three counts of distributing crack cocaine on three separate dates in Polk County, Florida in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)-(C). (Cr. Doc. 1.) Lamar entered a guilty plea to Count Three of the indictment pursuant to the terms of an Amended Plea Agreement with the United States. (Cr. Doc. 39, 42, 43.)

As part of the signed Amended Plea Agreement, Lamar agreed to waive his right to appeal his sentence or to challenge his sentence collaterally on any ground. (Cr. Doc. 43 at 11.) The waiver read:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on *any* ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, *except* (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

Id. (emphasis in italics added).

At sentencing, the U.S. Probation Office in a Pre-Sentence Investigation Report recommended that Lamar's total offense level should be increased to 34 because Lamar qualified as a career offender under U.S. Sentencing Guideline § 4B1.1.[1] The career offender provision of the Sentencing Guidelines allows a court to enhance a sentence if a defendant was at least 18 years old at the time of his crime, committed a crime of violence or a controlled substance offense, and had at least two prior felony convictions for crimes of violence[2] or controlled

---

[1] U.S. Sentencing Guidelines Manual § 4B1.1 (2006). The total offense level of 34 included the Probation Office recommendation that the Court reduce Lamar's total offense level by three points for acceptance of responsibility under U.S. Sentencing Guideline § 3E1.1(a)-(b) and based on the U.S. Attorney's recommendation.

[2] U.S. Sentencing Guidelines Manual § 4B1.2(a) (2006) defines the term "crime of violence" to mean "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of **physical force** against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." (Emphasis added.)

substance offenses.[3] Lamar, who was 35 years old at the time of his crime, had at least two prior felony convictions for either a crime of violence or a controlled substance offense. In fact, he had three. Lamar's three prior felony convictions consisted of (1) a state court conviction for possession of cocaine with intent to sell, (2) a state court conviction for battery on a law enforcement officer, and (3) a state court conviction for sale of cannabis. The Court determined that Lamar qualified as a career offender and found that he scored under the U.S. Sentencing Guidelines to a total offense level of 34, with a criminal history category VI, placing his imprisonment range at 262 to 327 months. (Cr. Doc. 58.)

As agreed in the Amended Plea Agreement, the United States moved to dismiss Counts One and Two of the indictment. (Cr. Doc. 60.) The Court granted the United States' motion. (Cr. Doc. 61.) The United States also moved for the Court to grant Lamar a further two-level reduction in his offense level, pursuant to Section 5K1.1 of the United States Sentencing Guidelines, in recognition of Lamar's substantial assistance to the United States against his co-defendant. (Cr. Doc. 57.) The Court granted the United States' motion for a Section 5K1.1 reduction. (Cr. Doc. 59.) The Court sentenced Lamar to a term in the U.S. Bureau of Prisons of 168 months (14 years) and supervised release of 60 months (5 years). (Cr. Doc. 62.)

After judgment was entered on November 30, 2006, Lamar did not file an appeal within the time allowed by law. Three and a half years later on July 1, 2010, Lamar filed this motion to vacate his sentence under 28 U.S.C. § 2255.

---

[3] U.S. Sentencing Guideline § 4B1.2(b) defines a "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."

## CLAIMS

In his motion and memorandum of law, Lamar urges the Court to vacate his sentence for three reasons. First, Lamar claims that the Court lacked jurisdiction to sentence him as a career offender. Second, Lamar asserts that his state court conviction for battery on a law enforcement officer does not qualify as a crime of violence under Johnson v. United States, 130 S. Ct. 1265 (2010), decided by the U.S. Supreme Court on March 2, 2010. Third, Lamar claims (as best as the Court can tell) that his convictions for possession of cocaine with intent to sell and sale of cannabis do not qualify as a controlled substance offense under the U.S. Sentencing Guidelines. Fourth, Johnson claims that he is actually innocent of being a career offender. See Gilbert v. United States, __ F.3d __, 2010 WL 2473560 (11th Cir. June 21, 2010), mandate held, __ F.3d __, 2010 WL 2612358 (11th Cir. July 1, 2010).

## ANALYSIS

Under § 2255, a court may review a federal prisoner's sentence under four circumstances: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. Collateral relief under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988).

**I.      The Court Assumes, Without Deciding, that Lamar Timely Filed His § 2255 Motion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a

mandatory, one-year "period of limitation" for § 2255 motions, which runs from the latest of the following events:

>  (1)   the date on which the judgment of conviction becomes final;
>  (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>  (3)   **the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review**; or
>  (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Jones v. United States, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)) (emphasis added).  Because Lamar did not appeal his conviction, his conviction became final when the time for filing an appeal expired.  Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).  For federal prisoners, the time for filing a direct appeal expires ten days after the written judgment of conviction is entered on the criminal docket.  Fed. R. App. P. 4(b)(1)(A)(i) and 4(b)(6).  Therefore, Lamar's conviction became final on December 11, 2006.

Lamar had one year from December 11, 2006 in which to file his § 2255 motion.  Lamar, however, did not file his motion until July 1, 2010.  The motion is therefore time barred unless Lamar can show that one of AEDPA's tolling provisions applies or that he was prevented from filing a timely motion because of extraordinary circumstances that were both beyond his control and unavoidable even with diligence.  Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

Lamar claims that his motion is timely under 28 U.S.C. § 2255(f)(3), which permits a prisoner to file a § 2255 motion within one year from "the date on which the right asserted was

5

initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review." Lamar argues that the Supreme Court in <u>Johnson v. United States</u>, 130 S. Ct. 1265 (2010), recognized for the first time the right upon which his motion is based. Since the Supreme Court decided <u>Johnson</u> on March 2, 2010, Lamar argues he had until March 2, 2011 to file his motion.

In <u>Johnson</u>, the Supreme Court held that a Florida felony conviction for battery does not constitute a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i) ("ACCA"). The Supreme Court interpreted the term "physical force" in the Armed Career Criminal Act to mean "violent force—that is force capable of causing physical pain or injury to another person." <u>Johnson</u>, 130 S. Ct. at 1271. Because the Florida Supreme Court had interpreted the term "physical force" in Florida's battery statute to mean "*any* intentional physical contact," the U.S. Supreme Court found that battery under Florida law could not qualify as a violent felony under the ACCA.

Six days after deciding <u>Johnson</u>, the U.S. Supreme Court vacated the Eleventh Circuit's decision in <u>United States v. Williams</u>, 563 F.3d 1239 (2009), in which the Eleventh Circuit had held that a Florida conviction for battery on a law enforcement officer—the conviction at issue in Lamar's motion—*was* a violent felony under U.S. Sentencing Guideline § 4B1.1(a). <u>Williams</u>, 563 F.3d 1239, 1242–43 (11th Cir. 2009), <u>vacated</u>, 130 S. Ct. 1434 (2010). The Supreme Court remanded <u>Williams</u> for the Eleventh Circuit to re-consider in light of <u>Johnson</u>.[4]

On remand, the Eleventh Circuit held on June 22, 2010 that a Florida conviction for

---

[4] <u>Williams</u>, 609 F.3d at 1169.

battery on a law enforcement officer, standing alone, does not constitute a crime of violence under U.S. Sentencing Guideline § 4B1.2. United States v. Williams, 609 F.3d 1168 (11th Cir. 2010). The Eleventh Circuit's ruling in Williams flowed from the Supreme Court's interpretation of the term "physical force" in Johnson.[5] Although Johnson dealt with Florida's battery statute and Williams dealt with Florida's battery on a law enforcement officer statute, the Eleventh Circuit found that the reasoning behind Johnson applied equally to the battery on a law enforcement statute. Although Johnson interpreted the Armed Career Criminal Act, a federal statute passed by Congress and signed by the President, and Williams dealt with the U.S. Sentencing Guidelines, promulgated by the U.S. Sentencing Commission, the Eleventh Circuit nevertheless found that the reasoning in Johnson applied to the Sentencing Guidelines as well. "This court has repeatedly read the definition of a 'violent felony' under § 924(e) of the Armed Career Criminal Act as 'virtually identical' to the definition of a 'crime of violence' under U.S.S.G. § 4B1.2." Williams, 609 F.3d at 1170 (quoting United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008)).

Based on Johnson, as extended by the Eleventh Circuit in Williams, Lamar argues that the Court should not have counted his conviction for battery on a law enforcement against him to enhance his sentence as a career offender under the U.S. Sentencing Guidelines. The Court agrees that Johnson announced a newly created right applicable to Lamar's case, but this argument alone does not trigger AEDPA's tolling provision under § 2255(f)(3). A right newly recognized by the Supreme Court must be made retroactively applicable on collateral review to

---

[5] "Though the statutory context here varies somewhat from that present in Johnson, we have no reason to believe that the words present in the [Armed Career Criminal Act] have a different meaning than the same words in the sentencing guidelines." Williams, 609 F.3d at 1170.

make Lamar's motion timely. Neither the Eleventh Circuit nor the Supreme Court has made either the holding in Williams or the holding in Johnson retroactively applicable on collateral review.

However, the Eleventh Circuit has recently found that the holdings in Begay v. United States, 553 U.S. 137 (2008), and United States v. Archer, 531 F.3d 1347 (11th Cir. 2008), are retroactive on collateral review. Gilbert v. United States, __ F.3d __, 2010 WL 2473560 (11th Cir. June 21, 2010), mandate held, __ F.3d __, 2010 WL 2612358 (11th Cir. July 1, 2010). Begay and Archer dealt with the same provisions of the Armed Career Criminal Act and U.S. Sentencing Guidelines at issue in Johnson and Williams. In Begay, the Supreme Court held the term "violent felony" only applies to crimes "roughly similar, in kind as well as in degree of risk posed," to the examples provided in the ACCA, which included burglary, arson, extortion, and crimes involving use of explosives. Begay, 553 U.S. at 139-140, 142. In Archer, the Eleventh Circuit applied the new rule in Begay to find that the crime of carrying a concealed firearm does not constitute a "crime of violence" under U.S. Sentencing Guideline § 4B.1.2. Archer, 531 F.3d at 1351-52. While the Eleventh Circuit's opinion that Begay and Archer are retroactively applicable may still be overruled by the Eleventh Circuit sitting en banc or withdrawn, Gilbert is nevertheless binding precedent until it is overruled or withdrawn.[6] Therefore, the Court must

---

[6] Although a judge on the Eleventh Circuit has held the mandate in Gilbert, the Eleventh Circuit's Internal Operating Procedures state that published opinions whose mandates have not yet issued are still binding precedent. See 11th Cir. IOP 6, Effect of Mandate on Precedential Value of Opinion ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.').

As the Eleventh Circuit said in Martin v. Singeltary, 965 F.2d 944, 945 n.1 (11th Cir. 1992), regarding another publishing opinion whose mandate was stayed:

> Although the mandate in Johnson has not yet issued, it is nonetheless the law in this circuit. A mandate is the official means of communicating our judgment to the district court and of returning jurisdiction in a case to the district court. The stay of the mandate in Johnson merely delays the return of jurisdiction to the district court to carry out our judgment in that case. The stay in no way affects the duty of this panel and the courts in this circuit to apply now the precedent established by Johnson

8

consider Gilbert when determining whether Johnson applies retroactively on collateral review, making Lamar's motion timely.

Moreover, the fact that the Supreme Court or Eleventh Circuit has not explicitly found a newly-recognized right to be retroactive does not necessarily mean that the right is not, in fact, retroactive under existing Supreme Court precedent. The Eleventh Circuit has found other § 2255 petitions timely even where no court had explicitly announced that a newly-recognized right was retroactively applicable on collateral review. For incidence, in Weeks v. United States, No. 09-14229, 2010 WL 2332084, at *3-*4 (11th Cir. June 11, 2010), the Eleventh Circuit found a § 2255 petition timely based on a newly-recognized right that the Eleventh Circuit acknowledged neither it nor the Supreme Court had yet found to be retroactive in a binding case. In Weeks, the Eleventh Circuit relied on an unpublished opinion as persuasive authority for its ruling that the new substantive rule at issue in Weeks should be applied retroactively on collateral review. Under Supreme Court precedent, only "[n]ew *substantive* rules generally apply retroactively. This includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004) (internal citations and quotations omitted). "Such rules apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him." Id.

---

as binding authority. Thus, Johnson is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by this court sitting en banc.

New procedural rules do not apply retroactively, except in "extremely narrow" circumstances involving "fundamental" procedural issues that seriously diminish the likelihood of an accurate conviction. Id. at 352.

Johnson appears to announce a new substantive rule because the decision narrowed the scope of the Armed Career Criminal Act by interpreting its terms, specifically the term "physical force." The Supreme Court's interpretation of the term placed Florida convictions for battery "beyond the State's power to punish" under the Armed Career Criminal Act. Therefore, Johnson appears to apply retroactively on collateral review. Since Lamar based his petition upon Johnson, the Court will assume, without deciding, that his motion is timely under § 2255(f)(3).

## II.  LAMAR'S MOTION FAILS ON ITS MERITS

Although the Court assumes, without deciding, that Lamar's motion is timely, the motion still fails on the merits. Even assuming that Williams applies retroactively and wipes away Lamar's conviction for battery on a law enforcement officer, Lamar still has two prior convictions for controlled substance offenses. These two convictions alone qualify Lamar as a career offender.

The Court notes that Lamar did not contest his career offender status at sentencing or on appeal. Nor did he raise his claim below that his conviction for possession of cocaine with intent to sell and his conviction for sale of cannabis do not qualify as a controlled substance offense under U.S. Sentencing Guideline § 4B1.2(b). Lamar's argument that his drug convictions would not qualify him as a habitual felony offender under Florida law, even if true, do not govern whether his state convictions qualify him as a career offender under the U.S. Sentencing Guidelines. Lamar's argument confuses state law with federal law. As the Supreme Court said

in Johnson, when interpreting the ACCA, the meaning of federal substantive law "is a question of federal law, not state law. And in answering that question we are not bound by a state court's interpretation of a similar—or even identical— state statute." Johnson, 120 S. Ct. 1265, 1269 (2010). Therefore, Lamar's argument that his two drug convictions do not count as controlled substance offenses under the U.S. Sentencing Guidelines has no merit.

## CONCLUSION

Petitioner Paul David Lamar's motion to vacate, set aside, or correct an allegedly illegal sentence (Civ. Doc. 1; Cr. Doc. 83) is **DENIED**. The Clerk is directed to enter judgment against Lamar in the civil case and close the case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Lamar is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. Id. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Lamar has not made the requisite showing. Finally, because Lamar is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**IT IS SO ORDERED**.

*Done on August 18, 2010.*

SUSAN C. BUCKLEW
United States District Judge

**Copy to**:
Paul David Lamar
#48730-018
FCI Coleman Medium
Federal Correctional Institution
P.O. Box 1032
Coleman, Florida 33521

12