UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL DAVID LAMAR,

      Petitioner,

v.                                   Case No.  8:10-cv-1481-T-24-MAP
                                             8:06-cr-0199-T-24-MSS

UNITED STATES OF AMERICA,

      Defendant.
_____/

## ORDER

This cause comes before the Court on Petitioner Paul David Lamar's Motion for Reconsideration of this Court's order denying Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Doc. No. 6).

**I.    Background**

On May 25, 2006, a federal grand jury indicted Petitioner on three counts of distributing crack cocaine on three separate dates in Polk County, Florida in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)-©).  (Cr. Doc. No. 1).  Petitioner entered a guilty plea as to Count III of the indictment, distribution of 50 grams or more of cocaine base, and was sentenced to a term of imprisonment of 168 months.[1]  (Cr. Doc. Nos. 42 & 62 ).  Petitioner was sentenced as a career offender because he had at least two prior felony convictions of either a crime of violence or a

---

[1] As part of the Amended Plea Agreement, the United States moved to dismiss Counts I and II of the indictment, which the Court granted.  (Cr. Doc. Nos. 43 & 61).

controlled substance offense pursuant to Section 4B1.1 of the U.S. Sentencing Guidelines.[2]

Specifically, Petitioner had prior felony convictions consisting of (1) possession of cocaine with intent to sell, (2) battery on a law enforcement officer, and (3) sale of cannabis.

On July 1, 2010, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner argued that the Court should vacate his sentence for four reasons. Petitioner claimed (1) that the Court lacked jurisdiction to sentence him as a career offender; (2) that his state court conviction for battery on a law enforcement officer does not qualify as a crime of violence under Johnson v. United States, 130 S. Ct. 1265 (2010); (3) that his convictions for possession of cocaine with intent to sell and sale of cannabis do not qualify as a controlled substance offenses under the U.S. Sentencing Guidelines; and (4) that he is actually innocent of being a career offender. (Doc. Nos. 1 & 2). Upon consideration of all of Petitioner's claims, this Court denied Petitioner's § 2255 motion on August 18, 2010. (Doc. No. 4).

## II.     Motion to Reconsider

On August 31, 2010, Petitioner filed the instant motion urging the Court to reconsider its denial of Petitioner's § 2255 motion. (Doc. No. 6). Petitioner argues that the Court failed to address the merits of all of Petitioner's § 2255 claims as required by Clisby v. Jones, 960 F.2d 925, 937 (11th Cir. 1991) (holding that district courts must address all claims in a habeas petition). Specifically, Petitioner argues that the Court did not address the claim that Petitioner's

---

[2]The career offender provision of the Sentencing Guidelines allows a court to enhance a sentence if (1) the defendant was at least 18 years old at the time he committed the instant crime (2) the instant crime is a crime of violence or a controlled substance offense, and (3) the defendant had at least two prior felony convictions for crimes of violence or controlled substances offenses. USSG § 4B1.1.

prior felony drug convictions were not qualifying offenses for his career offender status.[3] (Doc. No. 6 at 2).

The Court finds Petitioner's argument to be without merit. The Court did address whether Petitioner's prior felony drug convictions served as qualifying offenses for career offender status. (Doc. No. 4 at 10-11). The Court determined that the felony convictions of Possession of Cocaine with Intent to Sell and Sale of Cannabis were qualifying offenses according to Section 4B1.2(b) of the U.S. Sentencing Guidelines, which states:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

USSG § 4B1.2(b). Petitioner's felony drug convictions were punishable by imprisonment for a term exceeding one year and were for the possession of a controlled substance with the intent to distribute and for the sale of a controlled substance. Therefore, Petitioner's two prior drug convictions did serve as qualifying offenses for Petitioner's career offender status.

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's Motion for Reconsideration is **DENIED**. DONE AND ORDERED at Tampa, Florida, this 1st day of November, 2010.

---

[3]In the Court's Order denying Petitioner's § 2255 motion, the Court noted that even assuming Petitioner's conviction for battery on a law enforcement officer was no longer a violent felony in determining Petitioner's career offender status, Petitioner still had two prior felony convictions for controlled substance offenses which were qualifying offenses. (Doc. No. 4).

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro-se Petitioner