UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL DAVID LAMAR,

      Petitioner,

v.                                     Case No. 8:10-cv-1481-T-24 MAP
                                               8:06-cr-199-T-24 MAP

UNITED STATES OF AMERICA,

      Respondent.

_____/

## **ORDER**

      This cause comes before the Court on Petitioner Paul David Lamar's Request for a Certificate of Appealability ("COA") regarding this Court's August 18, 2010 Order denying his 28 U.S.C. § 2255 Motion (Civ. Doc. 4) and this Court's November 1, 2010 Order denying his Motion for Reconsideration (Civ. Doc. 7). (Civ. Doc. 9). In the Court's Order denying Petitioner's § 2255 Motion, the Court stated that Petitioner was not entitled to a COA. (Civ. Doc. 4). As explained below, the Motion for a COA is **DENIED**.

      A prisoner who has filed a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322,

335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Petitioner states that he seeks a COA for the following issues: (1) whether his due process rights were violated when this Court denied his § 2255 Motion on procedural grounds; (2) whether a credible showing of actual innocence overcomes any procedural default where the sentence resulted in a manifest miscarriage of justice; (3) whether this Court incorrectly held that his prior felony convictions for possession of cocaine with intent to sell and sale of cannabis in violation of Fla. Stat. § 893.13(1)(a) were qualifying offenses for career offender status under 4B1.1 of the U.S. Sentencing Guidelines; and (4) whether binding precedent in *United States v. Lipsey*, 40 F.3d 1200 (11th Cir. 1994), is material after *Johnson v. United States*, 130 S.Ct. 1265 (2010), to the Court's determination of whether his aforementioned Florida drug convictions are qualifying offenses for career offender status. The Court has twice addressed and denied Petitioner's argument that his prior Florida felony drug convictions are not qualifying offenses for career offender status – first in Petitioner's original § 2255 Motion (Civ. Doc. 4) and second in Petitioner's Motion for Reconsideration (Civ. Doc. 7). Thus, his arguments have been thoroughly considered by the Court. As such, the Court finds that a COA is not warranted.

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's request for a COA is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of January, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Paul David Lamar